UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

---------------------------------------------------X

Donna Bowman,

Plaintiff,

-against-

Valentine & Kebartas, Inc.,

Defendant.

---------------------------------------------------X

Civil Action No.:_______________

**VERIFIED COMPLAINT**

Now comes Plaintiff Donna Bowman (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Valentine & Kebartas, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. § 1692a(3) or § 1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§ 1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. § 1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff is a natural person and a resident of the State of California, San Joaquin County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Valentine & Kebartas, Inc. ("Valentine & Kebartas") is a Massachusetts corporation conducting business from offices located at 15 Union street Lawrence Massachusetts 01840.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTS**

8. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. In or around December 2013, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from a personal banking account.

10. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11. Upon information and belief, the Alleged Debt was charged off in 2005 and is past the statute of limitations for enforcement in civil court.

12. On or about December 23, 2013, Defendant left a voicemail on Plaintiff's telephone.

13. Plaintiff returned Defendant's telephone call that same day.

14. In said conversation, Defendant threatened Plaintiff with a civil suit to recover the Alleged Debt.

15. In addition, Defendant used abusive and derogatory language towards the Plaintiff in said conversation.

16. Upon information and belief, to date, Plaintiff has not received any written communication from Defendant.

17. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C § 1692g(a))**

18. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

20. Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

21. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**(Violations of 15 U.S.C § 1692e(5))**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's conduct violated 15 U.S.C. § 1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit.

24. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**THIRD CAUSE OF ACTION**
**(Violations of 15 U.S.C § 1692e)**

25. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's conduct violated 15 U.S.C. § 1692e, in that Defendant made false, deceptive, and/or misleading representations to Plaintiff in connection with its attempt to collect a debt.

27. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**FOURTH CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1692d(2)**

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's conduct violated 15 U.S.C. § 1692d(2) in that the Defendant used abusive language in its communication with Plaintiff.

30. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**DEMAND FOR TRIAL BY JURY**

31. Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Donna Bowman demands judgment against the Defendant Valentine & Kebartas, Inc. as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A):

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

C. For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 30, 2014

Respectfully submitted,

By: /s/Timothy Reed, Esq.________

Attorney for Plaintiff
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Telephone (212)796-6053
Fax (212) 951-7379
Email: info@fschulmanlaw.com