UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA BOWMAN, | No. 2:14-cv-1563-JAM-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VALENTINE & KEBARTAS, INC., | |
| Defendant. | |

Plaintiff, at that time represented by counsel, commenced this action on July 2, 2014. (ECF No. 1.) However, on May 4, 2015, the district judge granted plaintiff's counsel's motion to withdraw. (ECF No. 14.) In the motion to withdraw, plaintiff's former counsel indicated that plaintiff had not responded to any of his communications since at least December 2014. (ECF No. 12.) Plaintiff's former counsel provided a last-known address for plaintiff, which the Clerk of Court has recorded in the court's records. (Id.) Thereafter, on June 12, 2015, the case was referred to the undersigned pursuant to Local Rule 302(c)(21). (ECF No. 15.)

Subsequently, on June 15, 2015, the court issued an order directing plaintiff to file a brief statement indicating whether or not she intends to proceed with the action, and if so, whether she needs a brief period of time to obtain new counsel. (ECF No. 16.) Plaintiff was ordered to respond no later than July 2, 2015. (Id.) The court specifically cautioned plaintiff that failure to

1

timely respond to the order would be deemed to be plaintiff's consent to dismissal of the action, and would result in a recommendation of dismissal pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Although the July 2, 2015 deadline has now long passed, plaintiff failed to respond to the court's order; nor did plaintiff request an extension of time to do so.  Accordingly, the court recommends that the action be dismissed.

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the first two Ferdik factors strongly support dismissal, because plaintiff's failure to communicate with her former counsel and failure to now respond to the court's orders suggest that plaintiff is no longer interested in seriously and diligently pursuing this case.  As for the third Ferdik factor, although the defendant has not yet appeared, plaintiff's former counsel represented that he had engaged in settlement discussions with defendant, but that he had been unable to relay information regarding settlement discussions to plaintiff.  (See ECF No. 12.)  Therefore, at a minimum, plaintiff's nonresponsiveness has prejudiced defendant's ability to pursue potential early resolution of the case.  Additionally, concerning the fifth Ferdik factor, the court has already attempted less drastic alternatives by providing plaintiff with a reasonable period of time to state whether she intends to proceed with the action and whether she requires

some additional time to obtain new counsel.  The court also clearly cautioned plaintiff regarding the potential consequences for failure to respond to the court's order.  Nevertheless, plaintiff ignored the court's order and did not even request an extension of time to comply.  Finally, even though the court prefers, consistent with the fourth <u>Ferdik</u> factor, to resolve cases on their merits, plaintiff's own conduct precludes a resolution on the merits.  In any event, the fourth <u>Ferdik</u> factor is outweighed by the other <u>Ferdik</u> factors.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  July 16, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE